NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GILBERT HENRY WHITE, *Appellant.*

No. 1 CA-CR 22-0510
FILED 6-6-2023

Appeal from the Superior Court in Mohave County
No. S8015CR202000138
The Honorable Douglas Camacho, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Gilbert H. White, St. Johns
*Appellant*

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Samuel A. Thumma and Judge Anni Hill Foster joined.

**H O W E**, Judge:

¶1        Gilbert White appeals his conviction and sentence for possession of dangerous drugs for sale. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        This is the second appeal after the superior court denied White's motion to suppress evidence.[1] In January 2020, Detective Carlos Cortez, a member of the Arizona Department of Public Safety gang task force, received an anonymous tip from an informant that White was selling drugs from a house in Kingman, Arizona. After investigating, Detective Cortez submitted a sworn affidavit to obtain a search warrant. His affidavit provided information about (1) the tip, (2) his attempts to corroborate the tip through observations, (3) White's drug-related criminal history, (4) the presence of individuals who possessed drugs at the house, and (5) White's lack of income. The court found that grounds for probable cause existed and issued the search warrant. Detective Cortez and other officers executed the search warrant at the house and found methamphetamine.

¶3        The State charged White with possession of dangerous drugs for sale, a class 2 felony. White moved to suppress the evidence seized in the search, arguing that Detective Cortez's affidavit did not establish probable cause because it contained material misrepresentations and omissions. *See Franks v. Delaware*, 438 U.S. 154, 155–56 (1978) (holding that defendant is entitled to an evidentiary hearing upon a substantial preliminary showing that probable cause depends on false statements in an affidavit made knowingly and intentionally, or with reckless disregard for the truth). White contended, among other arguments, that the affidavit

---

[1]        The facts and procedural history for this appeal are recounted in *State v. White*, 1 CA-CR 21-0207, 2022 WL 1467508 (App. May 10, 2022).

inaccurately described that he was married and omitted the address listed on his driver's license.

¶4        After a suppression hearing, the trial court denied White's request for a *Franks* hearing and his motion to suppress. A jury then found White guilty of possession of dangerous drugs for sale. The trial court sentenced White to seven years' imprisonment. White appealed and argued that the trial court erred by denying his request for a *Franks* hearing and his motion to suppress because Detective Cortez's affidavit did not support the trial court's finding of probable cause given its material misrepresentations and omissions.

¶5        This court held on appeal that "the affidavit was insufficient [to establish probable cause] regardless of the alleged veracity problems," but "[t]he evidence seized during the search may nonetheless have been admissible under the good faith exception to the exclusionary rule." *White*, 2022 WL 1467508, at *1 ¶ 1. Concluding the record was not adequately developed on the applicability of the good faith exception, the court remanded the case for further proceedings. *Id.* at *5 ¶ 17.

¶6        On remand, the trial court held an evidentiary hearing on whether the evidence seized during the search was admissible under the good faith exception to the exclusionary rule. White waived his right to counsel and represented himself at the hearing. Detective Cortez testified that he believed all the information in his affidavit was true when he wrote it. He testified that he had no reason to believe that White was not married when he submitted the affidavit because he knew that White had obtained a marriage license. He also testified he did not intentionally omit from the affidavit the address listed on White's driver's license. He testified that although the informant had not undergone the departmental review to be deemed reliable, he nevertheless corroborated the tip by seeing that White was inside the house that the informant had described, rode a bicycle to another person's house, and someone who had just left the house the informant had described had drugs on him.

¶7        The trial court found that Detective Cortez's testimony was credible. It also found that (1) Detective Cortez did not intentionally or recklessly mislead the judge with the information in the affidavit; (2) the judge did not abandon his role as a neutral and detached magistrate; and (3) the warrant was not so facially deficient that the executing officers could not reasonably presume it to be valid. Finally, the trial court found that officers could reasonably believe that probable cause existed given that the detective's affidavit included information about (1) the tip from the

informant that White was selling drugs, (2) the attempts the detective made to corroborate the tip through observations, (3) White's drug-related criminal history, (4) the presence of individuals who possessed drugs at the house from where White was allegedly selling drugs, and (5) White's lack of income.

¶8            The trial court therefore held that the officers' reliance on the warrant was a technical violation of White's Fourth Amendment rights and that the good faith exception to the exclusionary rule applied. It denied White's motion to suppress and reaffirmed its previous judgment and sentence. White timely appealed.

## DISCUSSION

¶9            White argues that the State failed to show that the good faith exception to the exclusionary rule applied because the warrant was based on an affidavit that lacked any indicia of probable cause.[2] We review de novo whether the State showed that the good faith exception to the exclusionary rule applied. *State v. Crowley*, 202 Ariz. 80, 91 ¶ 32 (App. 2002).

¶10            Evidence obtained in violation of the Fourth Amendment to the United State Constitution is generally inadmissible in a subsequent criminal trial. *See State v. Valenzuela*, 239 Ariz. 299, 302 ¶ 10 (2016). But evidence obtained "as a result of a good faith mistake or technical violation" will not be suppressed. *See* A.R.S. § 13–3925; *see also United States v. Leon*, 468 U.S. 897, 922 (1984). "Good faith mistake" means "a reasonable judgmental error concerning the existence of facts that if true would be sufficient to constitute probable cause." A.R.S. § 13–3925(F)(1). The good faith exception does not apply when (1) "the magistrate has been misled by information that the affiant knew was false or would have known was false but recklessly disregarded the truth"; (2) "the issuing magistrate has wholly abandoned his or her judicial role"; (3) "a warrant is based on an affidavit that lacks any indicia of probable cause, thus rendering official belief in its existence entirely unreasonable"; and (4) "a warrant is so facially deficient . . . that the executing officers cannot reasonably presume it to be valid." *Crowley*, 202 Ariz. at 92 ¶ 35 (internal citation and quotation marks omitted).

---

[2]            White does not argue that the other situations that render the good faith exception inapplicable were present. As a result, he has waived those claims. *See State v. Vassell*, 238 Ariz. 281, 285 ¶ 18 (App. 2015) (failure to argue a claim ordinarily waives that claim).

¶11 The threshold is high for establishing that "a warrant is based on an affidavit that lacks any indicia of probable cause." *Messerschmidt v. Millender*, 565 U.S. 535, 546–47 (2012). To prove that the good faith exception applies, the State must show that the warrant was not based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Crowley*, 202 Ariz. at 91–92 ¶¶ 32, 35. To show that an indicium of probable cause existed, the State must present "[l]ess proof [] than to demonstrate [that] probable cause" existed. *See United States v. Matthews*, 12 F.4th 647, 655 (7th Cir. 2021), cert. denied, 142 S. Ct. 1212 (2022); *see also United States v. Bynum*, 293 F.3d 192, 195 (4th Cir. 2002) (explaining that the threshold for showing an indicium of probable cause "is a less demanding [] than the 'substantial basis' threshold required to prove the existence of probable cause").

¶12 The record supports the trial court's finding that the State satisfied its burden of showing that the good faith exception applied. Detective Cortez testified that he believed all the information in his affidavit was true at the time, and the court found his testimony credible. Detective Cortez's affidavit included information about (1) the tip from the informant that White was selling drugs, (2) the attempts he made to corroborate the tip through observations, (3) White's drug-related criminal history, (4) the presence of individuals who possessed drugs at the house from where White was allegedly selling drugs, and (5) White's lack of income. Detective Cortez also consulted his supervisor about the warrant's sufficiency. *See Messerschmidt*, 565 U.S. at 553–54 (explaining that a supervisor's approval of the warrant supported the officer's belief that probable cause existed). A police officer with that information could have reasonably believed that probable cause existed. Also, "the fact that a neutral magistrate [] issued [the] warrant is the clearest indication that the officers acted in an objectively reasonable manner or . . . in objective good faith." *Id*. at 546 (citation and internal quotation marks omitted). Finally, White presented no contradictory evidence during the hearing. The warrant therefore was not based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923. White has shown no error.

¶13 White also argues that the affidavit did not establish a nexus between him, the house, and the criminal activity. A warrant affidavit "must establish a reasonable nexus between the crime or evidence and the location to be searched." *United States v. Crews*, 502 F.3d 1130, 1136–37 (9th Cir. 2007). Because Detective Cortez's affidavit established a reasonable nexus between the crime and the location to be searched, *supra* ¶12, White's argument fails.

**CONCLUSION**

¶14     We affirm White's conviction and resulting sentence.



AMY M. WOOD • Clerk of the Court
FILED:     AA